JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5: 16-CV-00565 RGK (JC) | Date | May 3, 2016 |
|---|---|---|---|
| Title | *Brye McBree v. Wells Fargo Bank, N.A. & Northwest Trustee Services, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order re: Defendants' Motion to Dismiss (DE 8)**

## I.     FACTUAL BACKGROUND

On February 24, 2016, Brye McBee ("Plaintiff") filed a Complaint in California Superior Court of Riverside County against Wells Fargo Bank, N.A. and Northwest Trustee Services (collectively "Defendants"). The case was removed to this Court on March 28, 2016. Plaintiff's Complaint arises out of a $375,000 loan from World Savings Bank (now known as Wells Fargo Bank, N.A. pursuant to a merger), secured by a deed of trust for property located at 80162 Pebble Beach Drive in Indio, California ("Property"). Plaintiff alleges statutory and common law claims for the foreclosure of the property following Plaintiff's default on the loan, and Defendant's subsequent Notice of Default.

By way of the current motion, Defendants seek dismissal of this action. For the following reasons, the Court **GRANTS** the motion.

## II.     JUDICIAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. DISCUSSION

Defendants contend that the Court should dismiss this action in its entirety. Among other things, Defendants argue that (1) Plaintiff fails to state a claim under California Civil Code § 2923.55 because Defendants' Notice of Default complied with the law's requirements and Plaintiff is limited to injunctive relief, which he does not seek; (2) Plaintiff fails to state a claim under California Civil Code § 2924.17 because Northwest Trustee Services is the accurate trustee and the Notice of Default is accurate and supported by reliable and competent evidence; (3) Plaintiff's claim for promissory estoppel fails because Plaintiff fails to allege an enforceable promise; (4) Plaintiff's claim under California Business & Professions Code § 17200 fails because Plaintiff fails to demonstrate he suffered economic injury due to the unfair business practice and Plaintiff fails to plead with the requisite specificity; (5) Plaintiff's declaratory relief claim fails because no controversy exists and Wells Fargo has the legal right to foreclose; and (6) Plaintiff's injunctive relief claim fails because the purported claims upon which such relief are based are deficient.

Based on a review of the Complaint, Defendants' arguments, and applicable law, it appears that at least some, if not all, of the arguments listed above are successful challenges to all of Plaintiff's claims. The Court need not delve into the merits of these arguments, however, as Plaintiff has failed to oppose the motion. Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiff's failure to file an opposition as consent to granting Defendants' motion.

### VI. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

    **:**    

**Initials of Preparer**